IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEAN ERIC MAHONE, #214209, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:16-CV-988-MHT-SRW |
| | ) |
| JEFFERSON S. DUNN, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Dean Eric Mahone ("Mahone"), a state inmate, filed this 42 U.S.C. § 1983 action in which he alleges that the defendants failed to protect him from attack on November 7, 2016. Mahone did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis* before this court. In support of this request, Mahone provided financial information necessary to determine the average monthly balance in his inmate account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by Mahone and pursuant to the requisite provisions of 28 U.S.C. § 1915(b)(1)(A), the court determined that Mahone owed an initial partial filing fee of $5.50. *Doc. No. 3* at 1-2. The court therefore ordered Mahone to pay the initial partial filing fee on or before January 24, 2017. *Id*. at 2. In addition, this order specifically informed Mahone "**that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of**

**such funds to this court for payment of the initial partial filing fee**." *Id*. (emphasis in original). The order also "advised [Mahone] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the court of such inability and request an extension of time within which to file the fee." *Id*. at 3. Moreover, the court specifically cautioned Mahone that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that this case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

Mahone has failed to pay the initial partial filing fee within the time allowed by the court. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that his case be dismissed without prejudice for failure of the plaintiff to pay the initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1)(A) as ordered by this court.

The plaintiff may file objections to the Recommendation on or before March 13, 2017. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 27th day of February, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge