IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEAN ERIC MAHONE, #214209, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-988-MHT |
| | ) | |
| JEFFERSON S. DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION[1]

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Dean Eric Mahone, a state inmate, challenging actions which occurred during his incarceration at the Bullock Correctional Facility.  Specifically, Mahone complains that the defendants acted with deliberate indifference to his safety when they failed to protect him from attack by inmate Travis Rowser on November 7, 2016.  Doc. 1 at 2–3.  In support of this claim, Mahone alleges "not enough supervisory staff [were] on duty" at the time of the attack, Doc. 1 at 3, and the defendants should have known that inmate Rowser, "a paranoid schizophrenic, was high on drugs and not taking his [prescribed psychotropic] med[ications]."  Doc. 1 at 3.  Mahone also argues that the defendants' lack of knowledge regarding the mental state of inmate Rowser at the time of the attack constituted negligence. Doc. 1 at 3.

---

[1]All documents and attendant page numbers cited in this Recommendation are those assigned by the Clerk of this court in the docketing process.

Mahone names Jefferson S. Dunn, the Commissioner of the Alabama Department of Corrections, and Warden Derrick Carter and Sgt. Daniel Gay, correctional officials employed at Bullock when the challenged actions transpired, as defendants in this case. The court construes the complaint to seek relief from the defendants in both their individual and official capacities. Mahone requests monetary damages from the defendants for the alleged violations of his constitutional rights. Doc. 1 at 4.

The defendants filed a special report, supplemental special reports and relevant evidentiary materials in support of their reports, including affidavits and prison reports, addressing the claims presented by Mahone. In these filings, the defendants deny that they acted with deliberate indifference to Mahone's safety and argue that they did not violate any of his constitutional rights.

On October 2, 2017, the court issued an order, Doc. 29, directing Mahone to file a response to the arguments set forth by the defendants in their initial special report. It entered additional orders, Docs. 33 & 35, providing him an opportunity to respond to the defendants' supplemental special reports. The court advised Mahone that his responses should be supported by affidavits or statements made under penalty of perjury and other appropriate evidentiary materials. Doc. 29 at 2. This first order specifically cautioned the parties that "**unless within fifteen (15) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken** . . . the court may at any time [after expiration of the time for the plaintiff filing a response to the order] and **without further notice to the parties** (1) treat the special report[s] and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the

2

motion for summary judgment in accordance with the law." Doc. 29 at 3. Mahone filed unsworn responses on November 15, 2017 and February 14, 2018, respectively. Docs. 32 & 37.[2]

Pursuant to the order entered on October 2, 2017, the court deems it appropriate to treat the defendants' special report and the supplemental special reports as a motion for summary judgment. Upon consideration of the defendants' motion for summary judgment, the evidentiary materials filed in support thereof and the sworn complaint, the court concludes that summary judgment is due to be granted in favor of the defendants.

The court has undertaken a thorough review of all the evidence contained in the record. After this review, the court finds that Mahone has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendants.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (internal quotation marks omitted); Rule 56(a), Fed. R. Civ. P. ("The court shall

---

[2]The court may not consider Mahone's responses to the defendants' reports because neither response is a sworn statement, nor is either signed with an averment that it was made under penalty of perjury. *See* 28 U.S.C. § 1746; *Holloman v. Jacksonville Housing Auth.*, 2007 WL 245555, *2 (11th Cir. 2007) (noting that "unsworn statements, even from *pro se* parties, should not be considered in determining the propriety of summary judgment."); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (holding that "the court may not consider [the pro se inmate plaintiff's unsworn statement] in determining the propriety of summary judgment.").

grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (holding that moving party has initial burden of showing there is no genuine dispute of material fact for trial). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present appropriate evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322–24; *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (holding that moving party discharges his burden by showing the record lacks evidence to support the nonmoving party's case or the nonmoving party would be unable to prove his case at trial).

When the defendants meet their evidentiary burden, as they have in this case, the burden shifts to the plaintiff to establish, with appropriate evidence, that a genuine dispute of fact material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [by citing to materials in the record including affidavits, relevant documents or other materials], the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to

4

it[.]"); *Jeffery*, 64 F.3d at 593–94 (holding that, once a moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or statements made under penalty of perjury], or by depositions, answers to interrogatories, and admissions on file," demonstrate that there is a genuine dispute of material fact). In civil actions filed by inmates, federal courts "must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage." *Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014); *Barker v. Norman*, 651 F.2d 1107, 1115 (5th Cir. Unit A 1981) (stating that a verified complaint serves the same purpose of an affidavit for purposes of summary judgment). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005).

A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor such that summary judgment is not warranted. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007). The evidence must be admissible at trial, and if the nonmoving party's evidence "is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 249–50 (1986), Fed.R.Civ.P. 56(e). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice, there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252). Only disputes involving material facts are relevant; materiality is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248.

To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.  At the summary judgment stage, this court should accept as true "statements in [the plaintiff's] verified complaint, [any] sworn response to the [defendants'] motion for summary judgment, and sworn affidavit attached to that response[.]" *Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019); *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018) (holding that a plaintiff's purely self-serving and uncorroborated statements "based on personal knowledge or observation" set forth in a verified complaint or affidavit may create an issue of material fact which precludes summary judgment); *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (citations omitted) ("To be sure, [Plaintiff's] sworn statements are self-serving, but that alone does not permit [the court] to disregard them at the summary judgment stage . . . .  Courts routinely and properly deny summary judgment on the basis of a party's sworn

testimony even though it is self-serving."). However, general, blatantly contradicted and merely "[c]onclusory, uncorroborated allegations by a plaintiff in [his verified complaint or] an affidavit . . . will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion." *Solliday v. Fed. Officers*, 413 F. App'x 206, 207 (11th Cir. 2011) (*citing Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990). In addition, conclusory allegations based on purely subjective beliefs of a plaintiff and assertions of which he lacks personal knowledge are likewise insufficient to create a genuine dispute of material fact. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323–24; *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (holding that to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). "[T]here must exist a conflict in substantial evidence to pose a jury question." *Hall v. Sunjoy Indus. Group, Inc.*, 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citation omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Although factual inferences must be viewed in a light most favorable to the plaintiff and *pro se* complaints are entitled to liberal interpretation, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard*, 548 U.S. at 525. Thus, a plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case. Here, after a thorough review of all the evidence which would be admissible at trial, the court finds that Mahone has failed to demonstrate a genuine dispute of material fact in order to preclude entry of summary judgment in favor of the defendants.

### III.  ABSOLUTE IMMUNITY

To the extent that Mahone requests monetary damages from the defendants in their official capacities, they are entitled to absolute immunity. Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985). As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or employees]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied. *Id*. Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal quotation marks and citations omitted). Thus, a state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).

> Neither waiver nor abrogation applies here.  The Alabama Constitution states that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14.  The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit.

*Selensky*, 619 F. App'x at 849 (citing *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (holding that consent is prohibited by the Alabama Constitution). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it."  *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir.1990)).  In light of the foregoing, the defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities.  *Selensky*, 619 F. App'x at 849; *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998) (holding that state officials sued in their official capacities are protected under the Eleventh Amendment from suit for damages); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995) (holding that damages are unavailable from state official sued in his official capacity).

## IV.  DISCUSSION OF CLAIMS

As to defendant's remaining claims, the court limits its discussion to those claims identified in the complaint. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment."); *Ganstine v. Secretary, Florida Dept. of Corrections*, 502 F. App'x. 905, 909–10 (11th Cir. 2012) (holding that a plaintiff may not amend a complaint at the summary judgment stage by raising a new claim or presenting a new basis for a pending claim); *Chavis v. Clayton County School District*, 300 F.3d 1288, 1291 n. 4 (11th Cir. 2002) (noting that district court did not err in refusing to address a new theory raised

during summary judgment because the plaintiff had not properly amended the complaint with respect to such theory).

## A. Deliberate Indifference

"A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous men in safe custody under humane conditions." *Farmer v. Brennan*, 511 U.S. 825, 844–45 (1994) (internal quotations and citations omitted). Officials responsible for prison inmates may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's safety when the official knows the inmate faces "a substantial risk of serious harm" and with this knowledge disregards the risk by failing to take reasonable measures to abate it. *Id*. at 828. A constitutional violation occurs only "when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk." *Cottone v. Jean*, 326 F.3d 1352, 1358 (11th Cir. 2003). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 at 834. "Within [a prison's] volatile 'community,' prison administrators are to take all necessary steps to ensure the safety of . . . the prison staff and administrative personnel. . . . They are [also] under an obligation to take reasonable measures to guarantee the safety of the inmates themselves." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). The Eleventh Circuit has. however, consistently "stress[ed] that a 'prison custodian is not the guarantor of a prisoner's safety." *Purcell ex rel. Estate of Morgan v. Toombs County, Ga.*, 400 F.3d 1313 (11th Cir. 2005), citing *Popham v. City of Talladega*, 908 F.2d 1561, 1564 (11th Cir. 1990). "Only '[a] prison

official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Eighth Amendment.'" *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014); citing *Marsh v. Butler Cnty., Ala*., 268 F.3d 1014, 1028 (11th Cir. 2001), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "In order to state a § 1983 cause of action against prison officials based on a constitutional deprivation resulting from cruel and unusual punishment, there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to a constitutional stature." *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982).

The law requires establishment of both objective and subjective elements to demonstrate an Eighth Amendment violation. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014). With respect to the requisite objective elements of a deliberate indifference claim, an inmate must first show "an objectively substantial risk of serious harm . . . exist[ed].  Second, once it is established that the official is aware of this substantial risk, the official must react to this risk in an objectively unreasonable manner." *Marsh*, 268 F.3d at 1028–29,  As to the subjective elements, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . .  The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'  . . . [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 837–38; *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (*citing Farmer*, 511 U.S. at 838) ("Proof that the defendant should have perceived the risk, but did not, is insufficient."); *Cottrell v. Caldwell*, 85 F.3d 1480,

1491 (11th Cir. 1996) (same).  The conduct at issue "must involve more than ordinary lack of due care for the prisoner's interests or safety. . . .  It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]"  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer*, 511 U.S. at 834–38, 114 S.Ct. at 1977–80; *Wilson v. Seiter*, 501 U.S. 294, 299, 111 S.Ct. 2321, 2324–25, 115 L.Ed.2d 271 (1991). . . .  Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists — and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). A defendant's subjective knowledge of the risk must be specific to that defendant because "imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. . . . Each individual Defendant must be judged separately and on the basis of what that person knew at the time of the incident." *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008). "The known risk of injury must be a strong likelihood, rather than a mere possibility before a [state official's] failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations and internal quotation marks omitted). Moreover, "[m]erely negligent failure to protect an inmate from attack does not justify liability under section 1983." *Id*.

"Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence. . . .  However, in order for liability to attach, the officer must have been in a position to intervene." *Terry v. Bailey*, 376 F. App'x 894, 896 (11th Cir.2010) (citing *Ensley v. Soper*, 142 F.3d 1402,

1407 (11th Cir. 1998)). The plaintiff has the burden of showing that the defendant was in a position to intervene but failed to do so. *Ledlow v. Givens*, 500 F. App'x 910, 914 (11th Cir. 2012) (citing *Hadley v. Gutierrez*, 526 F.3d 1324, 1330–31 (11th Cir. 2008)).

Consequently, to survive the properly supported motion for summary judgment filed by the defendants, Mahone must first demonstrate an objectively substantial risk of serious harm existed to him prior to the altercation with inmate Thomas and "that the defendant[s] disregarded that known risk by failing to respond to it in an objectively reasonable manner." *Johnson v. Boyd*, 568 F. App'x 719, 721 (11th Cir. 2014), *citing Caldwell*, 748 F.3d at 1100. If he establishes these objective elements, Mahone must then satisfy the subjective component. To do so, Mahone "must [show] that the defendant subjectively knew that [Mahone] faced a substantial risk of serious harm. The defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he[/she] must also draw the inference." *Id*. (internal citation omitted).

> To survive a motion for summary judgment, a plaintiff must submit evidence that the defendant-official had subjective knowledge of the risk of serious harm. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). In determining subjective knowledge, a court is to inquire whether the defendant-official was aware of a "***particular threat or fear felt by [the] [p]laintiff***." *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003) (emphasis added). Moreover, the defendant-official "must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists — and the prison official must also draw that inference." *Id*. at 1349 (quotations omitted).

*Johnston v. Crosby*, 135 F. App'x 375, 377 (11th Cir. 2005) (emphasis in original).

Mahone alleges that the defendants acted with deliberate indifference to his safety regarding a physical attack perpetuated against him by inmate Travis Rowser on the morning of November 7, 2016. In support of this claim, Mahone maintains that at the time

of this attack "not enough" officers were on duty. Doc. 1 at 3. He also asserts that the defendants should have known that Rowser, an inmate with mental health issues, posed a danger to others because he "was high on drugs and not taking his meds." Doc. 1 at 3.

The defendants deny they acted with deliberate indifference to Mahone's safety. Specifically, the defendants maintain that sufficient correctional personnel were assigned to the dorm at the time of the altercation—generally, a shift commander, one cubicle officer, two officers roving the dorm and other officers available via radio, for purposes of providing security. Doc. 28-1 at 2; Doc. 28-2 at 2; Doc. 28-5 at 1; Doc. 34-1 at 1. The defendants further contend that they had no knowledge that inmate Travis Rowser posed any risk of harm to Mahone prior to the incident at issue. In particular, the defendants maintain that prior to the attack on Mahone they did not know any personal details about inmate Rowser, were not aware that Rowser was receiving treatment for mental health issues, had not been advised of Rowser's non-compliance with his medications or his testing positive for illegal drugs, had no knowledge of any prior assaultive or bizarre behavior by Rowser, did not know of any reason to remove Rowser from general population, and had not been provided any information from Mahone that he feared for his safety from Rowser. Doc. 36-1 at 2; Doc. 36-2 at 2–3, Doc. 36-3 at 2. Furthermore, Warden Michael Strickland provides the following information gleaned from inmate Rowser's records after his review of these records upon receipt of the complaint in this case:

> The inmate that assaulted inmate Mahone was [mostly] compliant with his medications prior to the incident, missing only one day in the seven days preceding the incident, eleven (11) in the preceding thirty (30) days[.]
> The inmate that assaulted inmate Mahone had been drug tested twice in five months before the incident. He had been tested on June 9, 2017 and September 15, 2017, both times testing negative. The ADOC could not have known that any one inmate was more of a threat than another to inmate

14

Mahone. After the incident, the inmate [attacker] was moved from general population to the restrictive housing unit.

Doc. 34-2 at 1.

Mahone does not allege that he complained to any prison official that he was in danger of being attacked by inmate Rowser. Doc. 1 at 2–3. Thus, the record is devoid of evidence that Mahone provided information to the defendants of a credible threat made to him by inmate Rowser from which the defendants could infer that a substantial risk of harm existed to Mahone prior to the attack at issue. In sum, there is no evidence before the court that the defendants had knowledge of any impending risk of harm posed by inmate Rowser to Mahone. Instead, the record establishes that the altercation occurred without notice or provocation when inmate Rowser proceeded to Mahone's sleeping area on November 7, 2016 at approximately 2:55 a.m. and repeatedly stabbed Mahone. No correctional officer witnessed the assault and the first knowledge that correctional officials received regarding the fight occurred when Officer Joshua Pittman observed Mahone and Rowser standing in the dorm with blood on their shirts. Doc. 28-5 at 1.

Mahone has failed to present any evidence showing that inmate Rowser posed "an objectively substantial serious risk of harm" to him on November 7, 2016, as required to establish deliberate indifference. *Marsh*, 268 F.3d at 1028–29. Furthermore, even if Mahone had satisfied the objective component, his deliberate indifference to safety claim nevertheless fails as he has not demonstrated that the defendants were subjectively aware of any risk of harm to him posed by inmate Rowser prior to the altercation made the basis of this complaint. *Johnson*, 568 F. App'x at 722 (holding district court properly dismissed inmate's complaint because "[n]owhere does the complaint allege, nor can it be plausibly

inferred, that the defendants subjectively foresaw or knew of a substantial risk of injury posed by [the inmate-attacker].”); *Murphy v. Turpin*, 159 F. App’x 945, 948 (11th Cir. 2005) (concluding that “the district court did not err by dismissing [Plaintiff’s] failure-to-protect charge for failure to state a claim.  While [Plaintiff] alleged he requested protection from certain inmates and that the defendants knew about his request for protection from his original cellmate, prisoner Neisler, he did not allege that the defendants had notice that he was in danger from . . . the inmate who attacked him. Simply put, the allegations of [Plaintiff’s] complaint do not show the requisite subjective knowledge of a risk of serious harm, and, thus, do not state a claim for deliberate indifference resulting from a failure to protect from the attack. . . .  Put another way, because [Plaintiff] alleged no facts indicating that any officer was aware of a substantial risk of serious harm to him from [the inmate who actually attacked him] and failed to take protective measures, his claim fails.”); *Johnston*, 135 F. App’x at 377 (holding that defendants were entitled to summary judgment because Plaintiff provided no evidence that prison officials “had subjective knowledge of the risk of serious harm presented by [the inmate who attacked him]” and “introduced no evidence indicating that he notified [the defendants] of any particularized threat by [his attacker] nor of any [specific] fear [he] felt [from this particular inmate].”); *see also* *McBride v. Rivers*, 170 F. App’x 648, 655 (11th Cir. 2006) (holding that district court properly granted summary judgment to the defendants as Plaintiff “failed to show that the defendants had subjective knowledge of a risk of serious harm” because Plaintiff merely advised he “had problems” with fellow inmate and was generally “in fear for [his] life.”); *Chatham v. Adcock*, 334 F. App’x 281, 293–94 (11th Cir. 2009) (holding that Plaintiff

entitled to no relief where he failed to identify "any specific 'serious threat' from [fellow inmate], which he then reported to [the defendants].").

The record in this case contains no evidence showing that the defendants acted with deliberate indifference to Mahone's safety. Thus, summary judgment is due to be granted in favor of the defendants on the failure to protect claim.

## B.  Negligence

Mahone alleges that the defendants acted with negligence in providing security to him. This allegation fails to state a constitutional claim. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986) (The Constitution "does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries. . . .  We have previously rejected reasoning that would make of the Fourteenth a font of tort law to be superimposed upon whatever systems may already be administered by the States."); *Green v. Watson*, 2015 WL 4609977, at *2 (S.D. Ill. July 31, 2015) (Due to "the state of mind requirement for all due process violations[,] . . . negligence claims are not actionable under § 1983, but are the grist of state law."); *Kingsley*, --- U.S.  ---, ---, 135 S.Ct. 2466, 2472 (2015) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1999)) (emphasis added) (It is well-settled "[t]hat . . . 'liability for ***negligently*** inflicted harm is categorically beneath the threshold of constitutional due process.'").

## C.  Supplemental Jurisdiction

To the extent that Mahone seeks relief on a pendent state law claim of negligence, review of this claim is appropriate only upon exercise of this court's supplemental jurisdiction. In the posture of this case, however, the court concludes that exercise of supplemental jurisdiction over Mahone's state law claim is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443–47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

In view of the resolution of the federal claims presented by Mahone, the court concludes that the pendent state law claim of negligence is due to be dismissed without prejudice. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982). The court therefore declines to exercise supplemental jurisdiction over the state law negligence claim and makes no determination with respect to the merits of this claim.

## V.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     The defendants' motion for summary judgment be granted with respect to the plaintiff's claims alleging violations of his federal constitutional rights.

2.     The federal constitutional clams be dismissed with prejudice.

3.     The plaintiff's pendent state law negligence claim be dismissed without prejudice as this court deems it inappropriate to exercise supplemental jurisdiction over this claim.

4.     This case be dismissed.

5.     Costs be taxed against the plaintiff.

On or before December 17, 2019, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which an objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 2nd day of December, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge